```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                     :
ISIDRO RESENDIZ-ANGELES
                                     :
    v.                               :   Civil Action No. DKC 16-0476
                                     :
BALL PARK LAWN AND LANDSCAPING
   CO., LLC., et al.                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' joint motion for approval of a settlement agreement and release (the "Agreement"). (ECF No. 8). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I.  Background**

Plaintiff Isidro Resendiz-Angeles ("Plaintiff") alleges that he worked as a foreman for Defendant Ball Park Lawn and Landscaping Co., LLC, which was owned by Defendant Bernard J. Granzow (collectively, the "Defendants"). Plaintiff, whose job responsibilities included mowing lawns, landscaping, and supervising a group of employees, was paid on an hourly basis.

Plaintiff avers that he worked over 40 hours a week from June 1, 2011 to June 12, 2015.

Plaintiff commenced this action by filing a complaint on February 19, 2016.  (ECF No. 1).  The complaint alleges violations pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (Count I); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL") (Count II); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL") (Count III).  The complaint seeks back pay in addition to liquidated or treble damages for Defendants' failure to pay Plaintiff the time and a half wage for hours worked in excess of forty.  On March 22, Defendants filed an answer, disputing the factual allegations and asserting affirmative defenses.  (ECF No. 3).  On June 3, the parties filed a Joint Status Report, notifying the court that they had reached a settlement.  (ECF No. 7).

On June 21, 2016, the parties filed the pending motion for approval of the Agreement.  (ECF No. 8).  The Agreement provides that, upon court approval, Defendants will pay Plaintiff $12,000.00.  (ECF No. 8-1, at 2).  Defendants will also pay $5,500.00 in attorney's fees and $500.00 in litigation costs.  (*Id.* at 5).  Defendants do not admit liability, but the parties agree that "an amicable resolution of this lawsuit is in their

respective interests due to the risks and expenses associated with the anticipated litigation." (*Id.* at 2). In exchange for the settlement amount, Plaintiff has agreed to a general release of all claims against Defendants and dismissal of this lawsuit with prejudice. (*Id.* at 2, 5).

## II. Analysis

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United*

*States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who

4

have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *see also Duprey*, 30 F.Supp.3d at 408 (citations and internal quotation marks omitted).

### A.  *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408 (citing *Lomascolo*, 2009 WL 3094955 at *16-17).

Here, there is a *bona fide* dispute. Defendants continue to deny all liability in the Agreement. (ECF No. 8-1, at 4 ("Defendants, by entering into the settlement, make no admissions and expressly deny liability of all claims made by [Plaintiff] in this suit.")). After an informal exchange of discovery, Plaintiff calculated that he is owed $5,399.12 in unpaid wages, while Defendants maintained that the number is $4,804.96. (*Id.* at 1). Moreover, the parties dispute whether Defendants are liable for unpaid overtime wages and whether liquidated or treble damages are available to Plaintiff. Plaintiff counsel's affidavit affirms that there are multiple

disputes, stating that there is "disagreement and debate over whether an exemption applies, whether a 2-year or 3-year limitations period applies, and whether liquidated damages [are] appropriate under the FLSA and/or the MWPCL." (ECF No. 8-3 ¶ 8). Thus, the pleadings, along with the parties' representations in court filings, establish that a *bona fide* dispute exists as to Defendants' liability to Plaintiff for overtime payments under the FLSA.

### B. Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors, *see Duprey*, 30 F.Supp.3d at 409, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.

The parties agreed to settle at an early stage of the proceedings, before any formal discovery had taken place. The parties contend, however, that they "exchanged substantial amounts of documents and information through informal discovery" and that "the parties' respective counsel engaged in lengthy and substantial settlement negotiations." (ECF No. 8-1, at 4). There is no evidence that the Agreement is the product of fraud or collusion, and it appears to be the product of negotiations between experienced counsel.

As to the relationship between the amount of the settlement and Plaintiff's potential recovery, the Agreement appears to be

fair and reasonable. The parties have acknowledged that "a realistic possibility exists that Plaintiff may lose this case at the summary judgment stage or at trial, at least with regard to liquidated or exemplary damages." (ECF No. 8-1, at 5). The amount of the settlement exceeds the overtime wages calculated by Plaintiff after informal discovery ($5,399.12), as stated in the pending motion, as well as the maximum liquidated damages available under the FLSA. The factual disputes in this case make it uncertain whether Plaintiff would ultimately be able to recover the maximum treble damages under the MWPCL. In fact, Plaintiff would risk recovering less than the settlement amount if Defendants were successful in their good faith, statute of limitations, and other defenses.

The Agreement contains a broad general liability release, pursuant to which Plaintiff agrees to:

> . . . dismiss, release and forever discharge and hold harmless [Defendants and related entities] . . . of and from any and all actions, suits, judgments, administrative actions, claims, demands or liabilities, of any type or kind, regardless of whether for monies, wages, benefits, damages, compensation, expenses, attorney's fees or injunctive relief, known or unknown, foreseen and unforeseen, in law or equity . . . which arose from the beginning of time until the Effective Date

(ECF No. 8-2 ¶ 4). "A general release like this *can* render the agreement unreasonable." *Duprey*, 30 F.Supp.3d at 410 (emphasis

added).  A court is not, however, "required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed."  *Villarroel v. Sri Siva Vishnu Temple,* No. GJH-I-T-02617, 2014 WL 7460967, at *3 (D.Md. Dec. 31, 2014); *see also Duprey,* 30 F.Supp.3d at 410 (D.Md 2014).  Here, the Agreement provides Plaintiff more than the amount he asserts that he is owed in back pay and liquidated damages. Accordingly, Plaintiff is fairly compensated for the release provision, and the Agreement is reasonable.

    **C.  Attorney's Fees and Costs**

Finally, the Agreement's provisions regarding attorney's fees and costs must also be assessed for reasonableness.  *See* 29 U.S.C. § 216(b).  The Agreement provides that Defendants will pay Plaintiff's counsel $6,000.00: $5,500.00 in attorney's fees and $500.00 in litigation costs.  A review of the affidavit submitted by Plaintiff's counsel reveals that the amount requested is reasonable.

The awarding of attorney's fees to Plaintiff turns on application of the traditional lodestar methodology factors. The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  "An hourly rate is reasonable if it is 'in line

with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules. *See, e.g.*, *id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D.Md. 2000)). In addition, the specific facts of the case are to be considered in calculating a reasonable figure.

Plaintiff's counsel avers that he spent 26.2 hours working on Plaintiff's case. (ECF No. 8-3 ¶ 4). Counsel's affidavit includes short descriptions of the services rendered and the amount of hours, to the tenth of an hour, spent performing each service. (*Id.* ¶ 3). The entries do not appear frivolous or excessive, and the court finds the amount of hours worked to be reasonable given the nature of this case as well as the stage of litigation.

Plaintiff counsel's billing rate is within the guidelines prescribed by the Local Rules, albeit at the high end. (*Id.* ¶ 11). The affidavit swears that "this rate is well within the range charged by similarly situated firms in the Washington metropolitan area" and that the attorney's fees are "the usual and regular fees charged by counsel to clients who pay by the hour in cases where there is no fee-shifting statute." (*Id.*).

Moreover, as part of the settlement, Plaintiff's counsel has reduced the total amount billed by $5,635.00, approximately fifty percent. (*See id.* ¶ 4). Accordingly, the attorney's fee request of $5,500.00 is reasonable and will be approved.

Plaintiff also seeks $500.00 for litigation costs. (*Id.* ¶ 13). Plaintiff's counsel submitted an affidavit detailing the litigation costs incurred, which are: a $400.00 filing fee and $100.00 for service of process. (*Id.* ¶ 5). The costs requested by Plaintiff are reasonable, necessary, and are detailed with sufficient specificity in Plaintiff counsel's affidavit. Accordingly, Plaintiff has met his "burden of providing sufficient detail . . . to explain and support [his] requests for fees and costs," see *Andrade*, 852 F.Supp.2d at 645 (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)), and the requested costs will be awarded in full.

**III. Conclusion**

For the foregoing reasons, the joint motion for approval of the settlement agreement will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
